IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

)
AMALGAMATED TRANSIT UNION,                    )
INTERNATIONAL                                  )
10000 New Hampshire Avenue                     )
Silver Spring, MD 20903,                       )
                                               )
AMALGAMATED TRANSIT UNION,                    )
LOCAL 192                                      )
8460 Enterprise Way                            )
Oakland, CA 94621,                             )          Civil Action No. 19-cv-2533
                                               )
AMALGAMATED TRANSIT UNION,                    )
LOCAL 256                                      )
2776 21st Street                               )
Sacramento, CA 95818,                          )
                                               )
AMALGAMATED TRANSIT UNION,                    )
LOCAL 265                                      )
1590 La Pradera Drive                          )
Campbell, CA 95008,                            )
                                               )
AMALGAMATED TRANSIT UNION,                    )
LOCAL 1277                                     )
1744 N. Main Street                            )
Los Angeles, CA  90031,                        )
                                               )
AMALGAMATED TRANSIT UNION,                    )
LOCAL 1309                                     )
7840 Lestee Ave                                )
Lemon Grove, CA  92108,                        )
                                               )
AMALGAMATED TRANSIT UNION,                    )
LOCAL 1574                                     )
1153 Chess Drive, # 203                        )
Foster City, CA 94404,                         )
                                               )
AMALGAMATED TRANSIT UNION,                    )
LOCAL 1575                                     )
185 North Redwood Drive, Suite 220             )
San Rafael, CA 94903,                          )

AMALGAMATED TRANSIT UNION,            )
LOCAL 1605                             )
1333 Pine Street, Suite G             )
Martinez, CA 94553,                   )
                                      )
          and                         )
                                      )
AMALGAMATED TRANSIT UNION             )
LOCAL 1704                            )
600 North Arrowhead Ave., Suite 100   )
San Bernardino, CA 92401,             )
                                      )
          Plaintiffs,                 )
                                      )
     v.                               )
                                      )
UNITED STATES DEPARTMENT OF LABOR     )
200 Constitution Avenue, N.W.         )
Washington, D.C.  20210,              )
                                      )
          and                         )
                                      )
Patrick Pizzella, in his official capacity  )
as ACTING SECRETARY OF THE            )
UNITED STATES DEPARTMENT OF LAB0R     )
200 Constitution Avenue, N.W.         )
Washington, D.C.  20210,              )
                                      )
          Defendants.                 )
_____ )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### NATURE OF CASE

1.      On June 14, 2019, an official of the defendant United States Department of Labor

("DOL"), acting pursuant to delegated authority, issued the attached decision reversing the DOL's

longstanding position that a California statute known as "PEPRA" diminishes the collective

bargaining rights of California transit employees, thereby precluding the DOL from issuing

certifications necessary to allow California transit agencies to receive federal mass transit grants

from the United States Department of Transportation.  Based on that reversal of position, the DOL

issued eleven grant certifications on June 14 as to which Plaintiff Amalgamated Transit Union,

International ("ATU")—acting on behalf of its affiliated locals in California—had filed timely

objections based on PEPRA's effect on transit employee collective bargaining rights.  The DOL

is continuing to issue additional certifications over ATU's PEPRA-based objections in reliance on

its June 14 decision.  This is a lawsuit brought under the Administrative Procedure Act ("APA"),

5 U.S.C. §§ 701-706, to declare that the DOL's issuance of these grant certifications over ATU's

PEPRA-based objections is contrary to law and in excess of the DOL's statutory authority, and to

obtain a permanent injunction to redress and to prevent the further continuation of the DOL's

unlawful certification actions.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 and 5

U.S.C. § 702.

3.     Venue lies in this District pursuant to 28 U.S.C. § 1391(e)(1) because the

defendants reside in this District, and under 28 U.S.C. § 1391(e)(2) because a substantial part of

the events giving rise to ATU's claim occurred in this District.

## PARTIES

4.     The Plaintiff ATU is an international labor organization with numerous affiliated

local unions that together represent approximately 200,000 workers throughout the United States

and Canada.  Employees of public transit agencies, both state and local, make up over 80% of

ATU's membership.  And, that membership includes approximately 13,000 public transit agency

employees in the State of California who are represented for collective bargaining purposes by

an ATU-affiliated local union.  The federal statutory provision at issue here—49 U.S.C. §

3

5333(b) (§ 13(c) of the Urban Mass Transportation Act of 1964 ("UMTA"))—was enacted to protect the collective bargaining rights of public transit employees.  And, the Plaintiff ATU locals, as the collective bargaining representatives of California transit employees, are the entities through which those public transit employees exercise their statutorily protected collective bargaining rights.  Henceforth, unless otherwise noted, we refer to Plaintiff ATU and the Plaintiff ATU locals collectively as "ATU."

5.     The Defendant DOL is the federal agency charged with various responsibilities under § 13(c) of the UMTA, including, to the extent relevant here, the non-discretionary responsibility to ensure—as a condition for the provision of federal mass transit grants to California transit agencies and other state and local transit agencies—that those transit agencies preserve and continue the collective bargaining rights of their transit employees.

6.     The Defendant Patrick Pizzella is the Acting Secretary of the United States Department of Labor, and is sued in his official capacity as such.

FACTS

7.     Section 13(c) of the UMTA, presently codified at 49 U.S.C. § 5333(b), requires— as an express condition for the United States Department of Transportation's provision of federal mass transit assistance (typically in the form of capital improvement or operating grants) to state and local transit agencies—that the interests of public employees affected by that federal mass transit assistance be protected under arrangements the DOL certifies are fair and equitable.  And, those arrangements "shall include," among other things, such provisions as may be necessary for "the preservation of rights, privileges, and benefits (including continuation of pension rights and benefits) under existing collective bargaining agreements or otherwise," see § 13(c)(1), and for "the continuation of collective bargaining rights," see § 13(c)(2).  Because under § 13(c) the DOL's

4

certification is an express condition for the provision of a federal mass transit grant sought by a state or local transit agency, the DOL's denial of certification has the effect of prohibiting the Department of Transportation from disbursing the requested funds, even if all other grant conditions have been met.  Conversely, the DOL's issuance of a certification permits the disbursement of those funds.

8.      In 2012, the State of California enacted into law, effective January 1, 2013, a pension reform statute titled the California Public Employees' Pension Reform Act of 2013, Calif. Govt. Code § 7522 et. seq., or "PEPRA" for short.  PEPRA undeniably diminishes the right of public sector unions like ATU and the public employees they represent to bargain over various aspects of defined benefit pension plans covering those employees.  (A defined benefit pension plan is a traditional employee benefit plan that—unlike defined contribution plans such as 401(k) plans—guarantees covered employees a fixed pension benefit upon their retirement based on a formula set out in the plan.)  For example, whereas prior to PEPRA's enactment, public sector unions in California had the unfettered right to bargain over the amount of contributions (if any) that the employees they represent for collective bargaining purposes would have to pay to satisfy the funding requirements of their defined benefit pension plan, PEPRA *mandates* (and thus renders non-bargainable) that public employees hired on or after PEPRA's January 1, 2013 effective date contribute 50% of the normal cost of providing them a defined benefit pension.  Similarly, whereas prior to PEPRA's enactment, public sector unions in California had the unfettered right to bargain over the formulas used to determine the benefits that employees would receive upon their retirement under defined benefit pensions,  PEPRA *mandates* (and thus renders non-bargainable) that defined benefit pensions provided to public employees hired on or after PEPRA's January 1, 2013 effective date be calculated in a manner that effectively "caps" those pensions, prohibiting,

for example, previously negotiated formulas.  Another way that PEPRA effectively imposes such a pension "cap" for employees hired on or after January 1, 2013, is that PEPRA also contains a provision (Section 7522.34(c)) barring certain types of compensation (including payments for unused vacation, annual leave, personal leave, or sick leave, and overtime pay) from inclusion in the "pensionable compensation" amount used in calculating the defined pension benefit to which an employee hired on or after January 1, 2013 will be entitled upon retirement. Prior to PEPRA, parties could bargain over which forms of compensation were includable without regard for the employee's date of hire.

9.     In short, prior to PEPRA's enactment, ATU and other public sector unions in California had been legally entitled to bargain for, and had in fact successfully bargained for, the establishment of defined benefit pension plans that, on balance, provide substantially more favorable pension terms (including pension contribution terms) than those unions are now free to bargain for under PEPRA, especially when it comes to employees hired on or after PEPRA's January 1, 2013 effective date.

10.    Shortly after PEPRA's enactment, a California transit agency, Sacramento Regional Transit District ("SacRTD"), applied for a federal mass transit grant.  At or around the same time, the California Department of Transportation ("Caltrans") applied for a grant on behalf of Monterey-Salinas Transit ("MST"), another California transit agency.

11.    Under procedures established by the DOL and codified at 29 CFR Part 215, a public sector transit union may file objections to the DOL's certification of a grant under § 13(c) of the UMTA.  ATU filed such objections on behalf of its affiliated locals to the certification of the grants sought by SacRTD and by Caltrans on behalf of MST, arguing, inter alia, that because PEPRA undeniably diminishes the right of California transit employees to bargain over various aspects of

defined benefit pension plans covering those employees, the DOL was precluded by § 13(c) from certifying the grants.  In a pair of decisions dated September 4, 2013 and September 30, 2013, respectively, the DOL sustained ATU's objections and denied certification of the grants.  As a result of those certification denials, neither SacRTD nor MST received the federal grant money sought at that time.

12.     The DOL's decisions denying certification based on ATU's PEPRA-based objections sparked two immediate actions by the State of California.  First, California enacted emergency legislation (AB 1222, Stats. 2013, Ch. 527) temporarily exempting transit employee pension plans from PEPRA.  This emergency legislation, as subsequently amended, provided that the temporary exemption would expire on the earlier of a ruling by a federal district court that the DOL had erred in determining that the application of PEPRA to transit employee pension plans precludes certification under § 13(c), or January 1, 2016.  Alternatively, the temporary exemption would become permanent upon a ruling by a federal district court upholding the DOL's determination that the application of PEPRA to transit employee pension plans precludes certification under § 13(c).  Second, California, joined by SacRTD, brought a lawsuit in the United States District Court for the Eastern District of California seeking, inter alia, a judicial ruling that the DOL had erred in determining that the application of PEPRA to transit employee pension plans precludes certification under § 13(c).

13.     By order dated December 30, 2014, the California District Court ruled that the DOL had violated the APA by failing adequately to explain the reasons supporting its determination that the application of PEPRA to transit employee pension plans precludes certification under § 13(c), and the District Court remanded the matter to the DOL for further proceedings consistent with this ruling.  On February 27, 2015, the DOL appealed the District Court's remand order to the Ninth

Circuit, but on August 12, 2015, the Ninth Circuit allowed the DOL voluntarily to dismiss its appeal over California's objection.

14.      On remand, the DOL reaffirmed and adhered to its earlier determination that the application of PEPRA to transit employee pension plans precludes certification under § 13(c)—providing further legal reasoning in support of that determination in a pair of decisions dated August 13, 2015.  California thereupon filed a First Amended Complaint challenging the DOL's reaffirmance and adherence to its earlier determination.

15.      The California District Court once again found the DOL's explanation for its determination inadequate, but rather than remand the matter to the DOL a second time, the District Court granted summary judgment in California's favor in a final order entered on January 25, 2018.  Importantly, however, in that final order, the District Court *denied* California's request for a broad permanent injunction that would have prevented the DOL from "using" PEPRA "to deny [§] 13(c) certification to *any* California transit agency."  (Emphasis added).  Instead, the District Court entered a far more limited permanent injunction preventing the DOL "from relying on PEPRA, as currently enacted, to deny the State's application for funding under . . . [§ 13(c)]" *only* "to the extent the State intends the funds to benefit MST or SacRT[D]."

16.      The DOL appealed the California District Court's final order to the Ninth Circuit, but later moved voluntarily to dismiss that appeal.  ATU, in turn, filed a motion to intervene for the purpose of taking over the DOL's abandoned appeal.  On December 19, 2018, the Ninth Circuit denied ATU's motion to intervene in a summary order providing no reasons for that denial.

17.      Prior to the Ninth Circuit's denial of ATU's motion to intervene, the DOL proposed to certify the SacRTD and MST grants at issue in the California case in order to comply with the District Court's limited permanent injunction in that case, and ATU objected to both of these

8

proposed certification actions on the ground that it was premature and improper for the DOL to certify the grants in compliance with the District Court's injunction given the pendency of ATU's motion seeking to take over the DOL's abandoned appeal from the final order granting that injunction.  In its subsequent June 14, 2019 decision at issue here, the DOL denied these ATU objections on mootness grounds given the Ninth Circuit's intervening decision denying ATU's motion to take over the DOL's abandoned appeal.  ATU does *not* challenge the denial of these objections in this case.  Moreover, because the District Court's limited permanent injunction in favor of SacRTD and MST is now final and not subject to appeal, the ATU does not intend to file PEPRA-based objections to the certification of future grants sought by or for the benefit of SacRTD or MST.

18.     By the time of the June 14, 2019 DOL decision at issue here, ATU had interposed PEPRA-based objections to the certification of eleven grants sought by various California transit agencies other than SacRTD and MST.  The DOL denied ATU's PEPRA-based objections and certified all eleven grants, stating that it had "reexamined" its position on the matter at hand "[i]n light of the [California] [D]istrict [C]ourt's decisions" and "concluded that PEPRA does *not* present a bar to certification under section 13(c)."  (Emphasis added).  ATU's APA challenge in this case centers on that DOL reversal of position and on the certification actions taken by the DOL based on that reversal of position.

CAUSE OF ACTION

(Under the APA, 5 U.S.C. §§ 701-706)

19.     The allegations in paragraphs 1-18 above are re-alleged and incorporated by reference herein.

9

20.    The DOL's recent issuance of a series of grant certifications over ATU's PEPRA-based objections is subject to judicial review under the APA.  <u>See</u> <u>ATU v. Donovan</u>, 767 F.2d 939 (D.C. Cir. 1985).

21.    In issuing those grant certifications over ATU's PEPRA-based objections, the DOL has acted contrary to law and in excess of its statutory authority, thus requiring the invalidation of the DOL's certification actions under section 706 of the APA.  In particular, the DOL's certification actions, and the stated justification for those actions, fly in the face of the D.C. Circuit's controlling decision in <u>ATU v. Donovan</u>.

PRAYER FOR RELIEF

WHEREFORE, ATU respectfully requests that this Court:

(1)    Issue a declaratory judgment stating that the DOL's recent issuance of a series of grant certifications over ATU's PEPRA-based objections is contrary to law and in excess of its statutory authority, and thus invalid under the APA;

(2)    Issue a permanent injunction:  (a) directing the DOL to revoke each of the eleven certifications issued by the DOL on June 14, 2019 over ATU's PEPRA-based objections; (b) directing the DOL to revoke each of the additional certifications subsequently issued by the DOL over ATU's PEPRA-based objections in reliance on the DOL's June 14, 2019 decision; and (c) enjoining the DOL from issuing any further certifications over ATU's PEPRA-based objections.

(3)    Award ATU, pursuant to 28 U.S.C. §§ 2412(a)(1), the costs incurred in prosecuting this lawsuit; and

(4)    Order such other and further relief as the Court may deem appropriate.

Respectfully submitted,


/s/ Andrew D. Roth
Andrew D. Roth, D.C. Bar # 414038
Bredhoff & Kaiser, P.L.L.C.
805 15th Street, N.W., Suite 1000
Washington, D.C.  20005
Telephone: (202) 842-2600
aroth@bredhoff.com


Counsel for Plaintiffs


Dated:  August 22, 2019