UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Amalgamated Transit Union, International, et al., | No. 2:20-cv-00953-KJM-DB |
| Plaintiffs, | ORDER |
| v. | |
| United States Department of Labor, et al., | |
| Defendants, | |
| State of California, | |
| Defendant-Intervenor | |

The Amalgamated Transit Union and several affiliated local unions filed this action to challenge the United States Department of Labor's decision to certify the California Public Employee Pension Reform Act (PEPRA) under section 13(c)(2) of the federal Urban Mass Transportation Act (UMTA). That section requires, as a condition of federal funding, that the Department certify any arrangements between a government agency and affected transit employees as "fair and equitable," among several other listed conditions. *See* 49 U.S.C. § 5333(b). This case was originally filed in the United States District Court for the District of Columbia but was transferred to this district and related to a 2013 case in which this court interpreted the same statutes. *See California v. United States Dep't of Lab.*, 306 F. Supp. 3d

1180, 1184 (E.D. Cal. 2018) (summarizing the previous litigation); Mem. Opinion & Order, ECF No. 20 (granting California's motion to transfer); Related Case Order, ECF No. 28.

Several motions are now pending. First is a set of three cross-motions for summary judgment. This order does not resolve these motions, but a review is necessary for context. The Union asks the court to issue a declaratory judgment "stating that [PEPRA] does not comply with [UMTA]" and to enjoin the Department of Labor "from issuing any further certifications in favor of California transit agencies" over the Union's objection "that PEPRA as it currently stands does not comply with [UMTA]." ATU Mot. at 1–2, ECF No. 33. The Department of Labor argues the Union relies on an "unsupportable," "rigid," and "inflexible" interpretation of section 13(c), and that even if that interpretation were plausible, the Secretary of Labor's decision is "permissible and entitled to deference." Fed. Mem. at 1–2, ECF No. 38-1. California, intervening as a defendant, argues the Union's claims contradict this court's previous decisions, which it argues are correct. *See* Cal. Mem. at 1–2, ECF No. 39-1. The Union has responded to the federal and California cross-motions. *See* Combined Opp'n, ECF No. 41. The federal and California replies are not yet due. *See* Stip. & Order, ECF No. 47. A hearing is currently scheduled for May 28, 2021.

The next set of pending motions relates to the Department of Labor's request to "hold this case in abeyance and stay further proceedings" indefinitely to permit the agency's new leadership more time to decide "whether to reconsider its position on the certification question at issue in this case," which is effectively a request for this court to remand this matter to the agency while retaining jurisdiction over the case. *See* Mem. Stay at 1–4 & n.2, ECF No. 44-1. The Department does not cite new evidence or explain any other possible basis for reconsideration. The Union does not oppose this motion, but California does. *See* Mot. at 2, ECF No. 44; Opp'n Stay, ECF No. 46. The Department filed a reply, *see generally* Reply Stay, ECF No. 48, and in response, California asked to file a short surreply to address what it claims is "new evidence" submitted with the Department's reply, *see generally* Surreply Mot., ECF No. 49; Prop. Surreply, ECF No. 49-1. The Department does not oppose this request, *see* Joint Status Rep. at 4 n.1, ECF No. 50, **which is granted**. The proposed surreply is **deemed filed**, and the motion to stay is **submitted**.

A district court has discretion to remand a decision to an administrative agency or hold a matter in abeyance pending reconsideration at the agency's request, even in the absence of new evidence. *See SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001); *United States v. Gonzales & Gonzales Bonds & Ins. Agency, Inc.*, No. 09-4029, 2011 WL 3607790, at *3 (N.D. Cal. Aug. 16, 2011). Such requests are normally granted "as long as the agency's concern is substantial and legitimate." *Sierra Club v. Van Antwerp*, 560 F. Supp. 2d 21, 23 (D.D.C. 2008). Frivolous and bad-faith requests are denied. *See id.* (citing *Lutheran Church–Missouri Synod v. F.C.C.*, 141 F. 3d 344, 349 (D.C. Cir. 1998)).

A district court also has discretion to stay an action "pending resolution of independent proceedings which bear upon the case" if doing so would be "efficient for its own docket and the fairest course for the parties." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). But "if there is even a fair possibility that the stay . . . will work damage to someone else," it may be "inappropriate" unless the moving party shows it would suffer some "hardship or inequity." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

Relying on these principles here, the court finds a short stay is appropriate to permit the Department to reach a final decision about whether to reconsider its decision or request a remand. If the Department ultimately decides to revisit its reasoning, litigation based on its previous positions would be wasteful. The Department has not shown, however, that an indefinite stay is warranted. An indefinite stay would unnecessarily prolong this already lengthy litigation. An indefinite stay also carries at least a "fair possibility" of harm to California and its transit agencies. They would face uncertainty about several millions of dollars of federal funding, which might force transit agencies to make unfavorable financial decisions or even reduce service. *See* Opp'n Stay at 5–6 (citing Washington Decl. ¶¶ 7–9, ECF No. 46-1). The Department has not shown it will face a "hardship or inequity" without an indefinite stay. It has already requested and obtained extensions of time given the new administration. *See* Minute Order, ECF No. 43. If it believes more time is necessary than the court grants here, the Department may request it and explain in detail why.

1    In conclusion, California's motion for leave to file a surreply is **granted**.  The
2 Department's motion to stay and to hold in abeyance **is granted in part** to the extent dates are
3 reset here.  The hearing on the parties' cross-motions is **reset for August 27, 2021**.  Replies in
4 support of these cross-motions must be filed by **August 6, 2021**.  This case is **stayed** until that
5 date.
6    This order resolves ECF Nos. 44 and 49.
7    IT IS SO ORDERED.
8 DATED: May 18, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE