UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Amalgamated Transit Union, International, et al., | No. 2:20-cv-00953-KJM-DB |
| Plaintiffs, | ORDER |
| v. | |
| United States Department of Labor, et al., | |
| Defendants, | |
| State of California, | |
| Defendant-Intervenor | |

The Amalgamated Transit Union (ATU) and several affiliated local unions filed this action to challenge the Secretary of Labor's decision to certify several federal grants to California transit agencies under section 13(c)(2) of the federal Urban Mass Transportation Act (UMTA). *See generally* Compl., ECF No. 1. California intervened to defend the Secretary's decision. *See* Min. Order (Dec. 19, 2019). ATU's and California's cross-motions for summary judgment are pending. *See* ATU Mot., ECF No. 33; Cal. Cross-Mot., ECF No. 39. The Department of Labor originally moved for summary judgment as well, ECF No. 38, but it has withdrawn that motion, and has informed the parties and the court it intends to reverse the challenged certification as well. *See* Notice of Recons., ECF No. 58; Notice of Withdrawal, ECF No. 55. It expects to

1    "soon issue a new determination," Notice of Recons. at 2, and recently notified the court that its
2    decision will be made no later than October 28, 2021, Status Report, ECF No. 61.  The new
3    determination will be "applied only prospectively."  Notice of Withdrawal at 2.

4          The Department argues this case will be moot after it issues its new decision.  Notice of
5    Recons. at 2.  The ATU and California disagree, *see* ATU Resp., ECF No. 59; Cal. Resp., ECF
6    No. 60, as does this court.  The same fundamental conflict will persist if the Department of Labor
7    reverses its certification decision: does the California Public Employees' Pension Reform Act of
8    2013 preclude certification under the UMTA?  At least one litigant will say yes; at least one will
9    say no.  A case or controversy will thus remain, and the action will not be moot.  *See, e.g.*, *Powell*
10   *v. McCormack*, 395 U.S. 486, 497 (1969) ("Where one of the several issues presented becomes
11   moot, the remaining live issues supply the constitutional requirement of a case or controversy.");
12   *United States v. W. T. Grant Co.*, 345 U.S. 629, 632 (1953) (holding that a "controversy may
13   remain" even if a defendant voluntarily changes its conduct).

14         As the court has previously concluded, however, "[i]f the Department ultimately decides
15   to revisit its reasoning, litigation based on its previous positions would be wasteful."  Order (May
16   19, 2021) at 3, ECF No. 51.  This court also has decided it will give deference to the
17   Department's certification decisions under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944).  *See,*
18   *e.g.*, *California v. U.S. Dep't of Lab.*, 76 F. Supp. 3d 1125, 1135–38 (E.D. Cal. 2014).  Pressing
19   forward with the ATU's and California's cross-motions without regard to any reasons the
20   Secretary gives in a reconsidered determination would amount to giving no deference at all.  The
21   court declines to take that course.  The court therefore construes the Department's filings as a
22   request to remand and hold this case in abeyance and **grants** that request.  *See, e.g., Sierra Club*
23   *v. Van Antwerp*, 560 F. Supp. 2d 21, 23 (D.D.C. 2008) ("Even in the absence of intervening
24   events, upon an agency's remand request, the reviewing court still has discretion over whether to
25   remand.  In that situation, as long as the agency's concern is substantial and legitimate, a remand
26   is usually appropriate." (citation omitted)).
27   /////

**The court orders as follows:**

(1) This action is remanded to the United States Department of Labor to permit the Secretary of Labor or a designee to reconsider the determination challenged in the ATU's complaint.

(2) The court will hold this case in abeyance until any new determination is issued or the Department of Labor gives notice it will not issue a new determination.

(3) The hearing on the parties' pending motions for summary judgment is vacated, to be reset later if necessary. In the interim those motions remain pending.

(4) The federal defendants are directed to promptly give notice of a new determination once it is issued. If they do not file a notice within fourteen days of this order, the federal defendants must file a status report explaining why a new determination has not issued and when a new determination or decision not to reconsider can be expected to issue.

(5) Within fourteen days after the federal defendants provide notice as ordered above, the parties are directed to meet and confer and file a joint report proposing how this action may progress efficiently and fairly toward a final disposition.

IT IS SO ORDERED.

DATED: October 26, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE